

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 3, 2022

**VIA ECF & E-MAIL**
The Honorable Mary Kay Vyskocil
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Kristian Rhein</u>, S8 20 Cr. 160 (MKV)

Dear Judge Vyskocil:

The Government writes regarding the Court's order on the parties' positions on paragraph 83 of the Presentence Investigation Report ("PSR") prepared in advance of sentencing for defendant Kristian Rhein ("Rhein" or the "defendant"). By way of a letter dated January 3, 2022, Rhein has withdrawn any objection to the paragraph. Consistent with the Court's order, the Government nevertheless addresses below the text of paragraph 83 in full, breaking the paragraph into its separate points:

"For the purposes of the offense, there are several victims. The various racetracks that had doped horses run at their tracks are one set of victims."

- Each of these two sentences is correct. For purposes of the misbranding offense to which Rhein has pleaded guilty, there are multiple categories of victims, one of which (racetracks) is directly relevant to the pecuniary harm that Rhein and others caused through their doping program. Other victims of the offense included the defrauded and misled federal and state drug regulators, racing regulators, and competitors to whom purse winnings obtained by Rhein-doped horses *ought* to have (but have not) gone.

"The track is the entity that pays the winner and therefore, lost money directly."

- This sentence is also true. The parties' stipulated Guidelines calculation relies on the amount of purse winnings obtained by Rhein-doped horses that was necessarily obtained from these affected tracks. Competitors are closely related as potential victims insofar as particular competitors may have stood to earn purse money had Rhein's scheme been detected prior to an affected race. As discussed at the Navarro sentencing, racetracks may ultimately compensate such competitors, and (were the victims in this case to receive full compensation), might do so using funds repaid to them through this prosecution. However,

that possibility does not diminish the fact that the racetracks were victims who lost funds through Rhein and others' illegal acts.

"Many of the trainers were aware of the doping practices that occurred at several racetracks."

- This statement is true, although perhaps ambiguous in one respect. As the Court is aware, many trainers, including the trainers convicted to date in this case, were indeed aware of doping practices that occurred at several victim racetracks. Indeed, those trainers *committed* the doping practices at those racetracks. To the extent that the statement was intended by probation to suggest that many *competitors* were aware of the doping practices committed by horses doped by Rhein and his coconspirators, that fact would have no bearing on the calculation of the stipulated loss amount. Indeed, were that to be true, it would re-emphasize the fact that the track is the direct pecuniary victim insofar as complicit competitors would presumably *not* be entitled to adjusted purse winnings, leaving the track as the sole entity harmed in such a case.

- To the extent that the statement is intended by probation to mean that other trainers for whom Rhein worked were aware of doping practices, that is also true insofar as Rhein supplied SGF-1000 and other prescription drugs (without valid prescriptions) to trainers beyond Jason Servis. This fact does not alter the parties' stipulated Guidelines calculation.

"The number of affected racetracks also signify the victim enhancement factored into the guidelines for certain defendants."

- This statement is also correct – more than ten racetracks were affected by Rhein's activities, as stipulated by the parties. Were the Court to consider competitors to be additional victims, that would only increase the number of victims but would of course have not affect on the parties' stipulated Guidelines calculation.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/_____.
Sarah Mortazavi
Andrew C. Adams
Assistant United States Attorneys

cc: Stephen Scaring, Esq. (via ECF)