Lcl2Linc kjc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                            20 Cr. 160 (MKV)

5   REBECCA LINKE,

6              Defendant.

7   ------------------------------x         Video Conference

8                                           December 21, 2021
                                            3:25 p.m.
9

10  Before:

11                 HON. MARY KAY VYSKOCIL,

12                                          District Judge

13

14                      APPEARANCES

15

    DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17  BY:  ANDEN F. CHOW
         Assistant United States Attorney
18

19  DAVID L. WIKSTROM
         Attorney for Defendant
20

21

22

23

24

25

Lcl2Linc kjc

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, starting with the

3    government, please state your name for the record.

4          MR. CHOW:  Anden Chow for the government.  Good

5    afternoon, your Honor.

6          THE COURT:  All right.  Good afternoon, Mr. Chow.

7          MR. WIKSTROM:  Good afternoon, your Honor.  This is

8    David Wikstrom for Dr. Linke.

9          THE COURT:  Good afternoon, Mr. Wikstrom, and good

10   afternoon Dr. Linke, whom I can see clearly.

11          We have a court reporter with us, Ms. Carannante.  Are

12   you able to see and hear me and each of the participants

13   clearly?

14          THE COURT REPORTER:  Yes, your Honor.  Good afternoon.

15          THE COURT:  Good afternoon.  Thank you very much for

16   being with us.

17          So we are here today because the Court was informed

18   yesterday that the government and Dr. Linke have agreed to a

19   deferred prosecution agreement, which would result in Dr. Linke

20   agreeing to abide by certain conditions during a term of

21   supervision followed by dismissal of the charges against her.

22   Is that correct?  Mr. Chow?

23          MR. CHOW:  Yes, your Honor.

24          THE COURT:  Mr. Wikstrom?

25          MR. WIKSTROM:  Yes, your Honor.

Lcl2Linc kjc

| | |
|---|---|
| 1 | THE COURT:  All right.  Before we go any further, |
| 2 | Dr. Linke, I don't know that you and I have spoken directly to |
| 3 | one another before in this case other than your noting your |
| 4 | appearance at some of our proceedings, so let me just confirm |
| 5 | that you do not need the services of an interpreter. |
| 6 | THE DEFENDANT:  No, that is correct. |
| 7 | THE COURT:  Okay.  You speak and understand English |
| 8 | perfectly clearly, right? |
| 9 | THE DEFENDANT:  Yes, I do.  Yes. thank you. |
| 10 | THE COURT:  Okay.  Thank you. |
| 11 | I also want to confirm with each of the counsel and |
| 12 | with Dr. Linke that you can each see and hear one another |
| 13 | clearly and me, as well, of course. |
| 14 | So let me ask first Mr. Chow. |
| 15 | MR. CHOW:  Yes, I am able to see you, defense counsel, |
| 16 | and the defendant. |
| 17 | THE COURT:  All right. |
| 18 | Mr. Wikstrom? |
| 19 | MR. WIKSTROM:  Yes, loud and clear, your Honor. |
| 20 | THE COURT:  All right.  Thank you.  And most |
| 21 | importantly, Dr. Linke. |
| 22 | THE DEFENDANT:  Yes.  Thank you, your Honor. |
| 23 | THE COURT:  All right.  Thank you. |
| 24 | All right.  Let me confirm it is "link," not "linky," |
| 25 | right. |

Lcl2Linc kjc

1           THE DEFENDANT:  That is correct, "link."

2           THE COURT:  I recall that from the last time.  Okay.

3           So Dr. Linke, if at any time something goes wrong with

4    the technology and you can't see or hear anybody, please

5    somehow let us know or let Mr. Wikstrom know.  And as

6    importantly, if at any point you don't understand anything that

7    I am saying to you or asking you about or what's happening in

8    the proceeding, let us know that and I will try to answer any

9    questions and, more importantly, give you the opportunity to

10   speak with Mr. Wikstrom if you need to do that.  All right?

11          THE DEFENDANT:  Okay.  Thank you, your Honor.

12          THE COURT:  You will let me know.

13          THE DEFENDANT:  Yes.

14          THE COURT:  All right.  So needless to say we are

15   proceeding today remotely largely because we remain subject to

16   the restrictions as a result of COVID-19, which seems to be

17   exploding again.  I have received in advance from counsel two

18   documents, a waiver of Dr. Linke's right to be present before

19   me in open court at a criminal proceeding and a consent to

20   proceed by videoconference.  I know the government's view is

21   that the CARES Act is not implicated here, but I'm not sure I

22   agree with that.  So I am conducting today's proceeding under

23   the authority provided by Section 15002 of the CARES Act and

24   standing orders issued by the Court pursuant to this act.

25          I assume, since I have received the waiver of the

Lcl2Linc kjc

1    right to be present and the consent to proceed by

2    videoconference, that you have no objection, Mr. Wikstrom, to

3    proceeding under the Cares Act.

4        MR. WIKSTROM:  Correct, your Honor.

5        THE COURT:  So the Cares Act provides that a Court may

6    conduct certain felony proceedings by videoconference if the

7    Chief Judge of the district orders that proceedings cannot be

8    conducted in person without seriously jeopardizing public

9    health and safety and, second, where the district judge in a

10   particular case -- here that's me -- finds that, for specific

11   reasons, the plea or the sentence or the proceeding cannot be

12   delayed further without serious harm to the interests of

13   justice.

14        By standing order dated September 15, 2021, Chief

15   Judge Laura Taylor Swain found that felony pleas, felony

16   sentencings, and "equivalent dispositions" cannot be conducted

17   in person without seriously jeopardizing public health.  The

18   Court is construing that provision to apply to today's

19   proceeding seeking approval of the deferred prosecution

20   agreement.

21        I do find that travel of all participants, including

22   Dr. Linke, to the courthouse, all of us being present together

23   in the courthouse poses risks to the public health and safety.

24   I also find that Dr. Linke's interest in having this case move

25   forward towards resolution are served by proceeding today and

Lcl2Linc kjc

1    that is a reason that we cannot delay further without seriously

2    jeopardizing the interests of justice.  The case has been

3    pending now, it's going on almost two years.  I also find that

4    the interests of judicial economy are a further reason why this

5    proceeding should not be delayed without serious harm to the

6    interests of justice.

7              I assume there are no objections, Mr. Chow?

8              MR. CHOW:  None from the government.

9              THE COURT:  And none, Mr. Wikstrom?

10             MR. WIKSTROM:  None, your Honor.

11             THE COURT:  Let me turn to the two documents I have

12    received -- a waiver of a right to be present at criminal

13    proceeding and a consent to proceed by videoconference.

14    Needless to say, neither of these documents applies

15    specifically on its terms to what we are doing today, so I am

16    going to ask you if certain modifications, just for the sake of

17    having no confusion down the road, are acceptable.

18             I would propose that on the waiver of the right to be

19    present, the box next to conference is checked.  I think the

20    simplest way to deal with this would be to just put "dash dash

21    hearing on prosecution agreement."  is that acceptable to the

22    government?

23             MR. CHOW:  Yes, it is, your Honor.

24             THE COURT:  All right.

25             Mr. Wikstrom?

Lcl2Linc kjc

1          MR. WIKSTROM:  Perfectly fine, your Honor.

2          THE COURT:  All right.  So we will annotate to do

3   that.

4          And on the second document, I would suggest that --

5   you have again checked the box that says "status and/or

6   scheduling conference."  I would suggest we put an X in front

7   of the box that says "arraignment" and say that this is an

8   arraignment on a deferred prosecution agreement.

9          Is that acceptable to the government?

10          MR. CHOW:  That's fine for the government.

11          THE COURT:  Mr. Wikstrom?

12          MR. WIKSTROM:  That's fine, your Honor.

13          THE COURT:  All right.  So I will do that.

14          Then let me ask you, Dr. Linke, certain questions

15   about these two documents.

16          Well, first, Mr. Wikstrom, let me ask you, how did you

17   provide these to Dr. Linke?  Did you discuss with her her right

18   to be present before me in open court?  Is it your sense that

19   she understands that right, that she is knowingly and

20   voluntarily waiving that right, and wishes to proceed remotely?

21          MR. WIKSTROM:  Yes, your Honor.  I e-mailed the

22   documents to Dr. Linke.  We spoke about them completely by

23   phone.  She signed them and faxed them back to me, and then I

24   affixed my own signature and submitted it to your Honor and

25   government counsel.

Lcl2Linc kjc

1          THE COURT:  Fine.  Thank you, Mr. Wikstrom.  So and

2     you are confirming to me that that is your signature on each of

3     these two document, right?

4          MR. WIKSTROM:  It is, yes.

5          THE COURT:  Dr. Linke, did you hear Mr. Wikstrom's

6     answers to my questions?

7          THE DEFENDANT:  Yes, I did.

8          THE COURT:  Is there anything you would add?

9          THE DEFENDANT:  No, that is accurate.

10         THE COURT:  Is that your signature on each of these

11    two documents above the lines that read "signature of

12    defendant" and "defendant's signature."

13         THE DEFENDANT:  Yes.  Yes, it is.

14         THE COURT:  Do you understand that you have a right to

15    appear before me in open court in order for us to conduct

16    today's proceeding?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  And do you wish to waive that right?

19         THE DEFENDANT:  Yes, I do.

20         THE COURT:  And you wish to proceed by videoconference

21    today.

22         THE DEFENDANT:  Yes, please.

23         THE COURT:  All right.  I do find that Dr. Linke

24    understands her right to appear before me in open court and is

25    knowingly and voluntarily waiving that right.

Lcl2Linc kjc

1          Now, I also have a copy that has been provided to me

2     by the government of a document captioned "Deferred Prosecution

3     Agreement, 20 Cr. 160, United States of America v. Rebecca

4     Linke."  It appears that this document was signed by Dr. Linke

5     and Mr. Wikstrom on December 18, 2021.

6          Dr. Linke, do you have a copy of the agreement in

7     front of you?

8          THE DEFENDANT:  I do not have it right in front of me,

9     but I recall what it was.

10         THE COURT:  Okay.  And you did in fact sign this

11    document?

12         THE DEFENDANT:  Yes, I did.

13         THE COURT:  And did you sign it on or about December

14    18, 2021?

15         THE DEFENDANT:  Yes, I did.

16         THE COURT:  All right.  Mr. Wikstrom, is that your

17    signature on the document?

18         MR. WIKSTROM:  Yes, it is, your Honor.

19         THE COURT:  Dr. Linke, did you read this document

20    carefully before you signed it?

21         THE DEFENDANT:  Yes, I did.

22         THE COURT:  Did you have the opportunity to discuss it

23    with your counsel?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand the agreement and what

Lcl2Linc kjc

1    its terms and conditions are and what the consequence of

2    entering into this agreement is?

3                THE DEFENDANT:  Yes, I do.

4                THE COURT:  All right.  Mr. Wikstrom, did you review

5    the agreement with Dr. Linke?

6                MR. WIKSTROM:  Yes, I did.

7                THE COURT:  I have a couple of questions I would like

8    to ask people.  Mostly these are for the government, frankly.

9    So specifically -- let me just say for the record, Dr. Linke is

10   charged in Count Five of a superseding indictment, S6, with a

11   drug adulteration and misbranding conspiracy in violation of

12   Title 18 United States Code § 371 and 21 United States Code §

13   331 and 333(a)(2).

14               So the first question that I have is this version of

15   the agreement that was sent to me cites Title 21 § 332(a)(2).

16   I assume that should be 333, Mr. Chow.

17               MR. CHOW:  Yes.  I am pulling up a copy of the

18   indictment right now.

19               THE COURT:  The other question that I have, so before

20   you pull it up, consider this question as well.  What you sent

21   to me begins, "On February 26, 2020, a felony indictment was

22   issued by a grand jury," and as I say, about four or five lines

23   down you cite, "Title 21 United States Code § 331 and

24   332(a)(2)."  I believe it should be 333.  But there is a

25   superseding indictment in this case, and you are not

Lcl2Linc kjc

1    referencing that.

2              MR. CHOW:  Yes, your Honor.

3              So on your first question, yes, I do believe it should

4    be 333(a)(2).  In this particular instance, yes, it is the

5    superseding indictment, and we can alter the agreement to

6    reflect that.  I think that it is not incorrect to say that it

7    is a felony indictment, but you are right it is probably more

8    precise to say that a superseding indictment was issued.

9              THE COURT:  Mr. Wikstrom.

10             MR. WIKSTROM:  Yes, I would just add, though, that

11   then the date ascribed to the grand jury's return of the

12   indictment --

13             THE COURT:  Yes.  Correct.

14             MR. WIKSTROM:  Well, if we could just add and a

15   superseding indictment filed in November 2020, I think.

16             THE COURT:  Right.  I mean, look, it's not for me to

17   tell you all what agreement to enter into.  On the other hand,

18   you know, it is my job to make sure that Dr. Linke understands

19   the agreement that she is entering into.  And when it contains

20   the wrong section under which she was charged and it only

21   includes the initial indictment and says you are going to

22   dismiss that charge if she complies and she has been charged in

23   a superseding indictment, my understanding is you are intending

24   to dismiss the charges in the superseding indictment as well,

25   so it ought to be referenced, no?

Lcl2Linc kjc

1          MR. CHOW:  That is true, your Honor.  It should

2     reference both in that instance.

3          THE COURT:  So my suggestion to you is you cross out

4     332(a)(2) and make it read 333(a)(2) and add the words "and S6

5     filed on November" whatever date it was, "2020."

6          MR. CHOW:  Yes, your Honor.

7          THE COURT:  Does that take care of the issue,

8     Mr. Wikstrom?

9          MR. WIKSTROM:  It does, your Honor.  Thank you.  And

10     thank you for noticing it.

11          THE COURT:  All right.  Do the parties want to submit

12     a revised version or should we just annotate this and everybody

13     initial it or authorize the initialing of it?

14          MR. CHOW:  I'm fine proceeding with the annotation if

15     defense counsel is.

16          MR. WIKSTROM:  I am, your Honor.  Thank you.

17          THE COURT:  All right.  Thank you.  We will do that,

18     then.  All right.

19          I have one further question before I just proceed to

20     ask Dr. Linke to swear an oath and confirm her competence to do

21     this.  The very final paragraph, you have a copy of it,

22     Mr. Chow?

23          MR. CHOW:  Yes, I do.

24          THE COURT:  All right.  "If, upon completion of your

25     supervision, a written report from your supervising U.S.

Lcl2Linc kjc

1    Pretrial Services Officer is received to the effect that you

2    have complied with all of the rules, regulations, and

3    conditions, and special conditions applicable to your deferred

4    prosecution," isn't the consequence that the charges in the

5    initial indictment and S1 will be dismissed and no further

6    prosecution will be instituted?  I don't even know that the

7    latter part is true.  But certainly isn't the consequence that

8    the pending charges will be dismissed?

9          MR. CHOW:  I am just rereading it right now, your

10   Honor.

11         THE COURT:  Yeah, I know.

12         (Pause)

13         MR. CHOW:  I see what you are saying, your Honor.

14   I -- hmm.  Give me a moment as I reread this.

15         THE COURT:  Mr. Chow, do you need to talk to somebody

16   in your office?

17         MR. CHOW:  If you wouldn't mind one minute, I can make

18   a quick phone call.

19         THE COURT:  Before you do that, let's hear from

20   Mr. Wikstrom.

21         I mean, maybe this is fine.  It's not the role of the

22   Court to draft your agreement for you.  But it just seems to me

23   this is not memorializing what you are telling me you intend to

24   do.

25         MR. WIKSTROM:  Your Honor, I think the spirit of the

Lcl2Linc kjc

1    agreement is this will all be over upon Dr. Linke's successful

2    completion.  They could have worded it more thoroughly to

3    include dismissal, which word does not actually appear in the

4    document, in which case further prosecution would be moot

5    because of the double jeopardy clause for this offense anyway.

6        THE COURT:  Yeah, for this offense, yeah.  That's my

7    question about saying no further prosecution will be

8    instituted.  I'm asking the government, are you really

9    promising that or there could be, in theory, some other

10   completely unrelated prosecution?  But more importantly, is it

11   your intent to dismiss this prosecution?

12       MR. WIKSTROM:  It says "the same offense," your Honor.

13   "No further prosecution for the same offense," not --

14       THE COURT:  It does.  You are correct.

15       MR. WIKSTROM:  It is not blanket immunity.

16       THE COURT:  You are correct.

17       MR. WIKSTROM:  But it would be more precise to say we

18   will dismiss this charge and commence no further prosecution

19   related to this charge I guess.

20       THE COURT:  You are correct about that, Mr. Wikstrom.

21   It does say "for the above offense," which is the wrong offense

22   in this draft.

23       MR. WIKSTROM:  Be that as it may.

24       THE COURT:  Yes.  Okay.  Mr. Chow, it is up to you.

25   Do you want to talk to somebody in your office?

Lcl2Linc kjc

1          MR. CHOW:  Yeah, would it be possible --

2          THE COURT:  I appreciate, by the way, I have read some

3    cases because I haven't done that many.  It appears this is a

4    form your office uses, but I read a Second Circuit case earlier

5    today, let me just find the cite to it or the year of it, but

6    in any event, it talks about how this is very sloppy and

7    imprecise language, and you haven't fixed it in all these

8    years.  So --

9          MR. CHOW:  Yes, I was not aware of that.  I also --

10   truth be told, this is my first time doing one of these

11   hearings, and in preparation I reviewed several transcripts of

12   other entries of deferred prosecution agreements in front of

13   other courts to try to prepare myself, and you are the first

14   judge to have noticed this, so I was not prepared to address

15   this issue.  But let me --

16         THE COURT:  I'm sorry --

17         MR. CHOW:  If I could have five minutes, I could call

18   somebody and get right back on the line.  I will just mute

19   myself for the moment.

20         THE COURT:  Yes.  That will be fine.

21         (Pause)

22         MR. CHOW:  Your Honor, I have spoken with my

23   supervisor, and he has authorized me to take the position that

24   it is fine to modify our agreement in accordance with how

25   defense counsel just articulated a better way to do it would

Lcl2Linc kjc

1    be.

2                THE COURT:  All right.  Mr. Wikstrom, how do you wish

3    this to read?

4                MR. WIKSTROM:  Right before the last clause where it

5    says "no further prosecution," I would insert the words before

6    "the underlying indictment" and -- "the underlying and S6

7    indictments will be dismissed and"  and then "no further

8    prosecution will be instituted in this district."

9                THE COURT:  That's acceptable, Mr. Chow?

10               MR. CHOW:  Yes, it is.

11               THE COURT:  All right.  Dr. Linke, do you follow and

12   understand what we have just been discussing?

13               THE DEFENDANT:  Yes.  I think so, yes.

14               THE COURT:  Do you need an opportunity to talk to

15   Mr. Wikstrom or are we okay to proceed?

16               THE DEFENDANT:  We can proceed.  Thank you.

17               THE COURT:  All right.  Thank you very much.

18               Ms. Dempsey, would you please swear Dr. Linke.

19               THE DEPUTY CLERK:  Dr. Linke would you please raise

20   your right hand.

21               You do solemnly swear the testimony you shall give in

22   this Court in this issue shall be the truth, the whole truth,

23   and nothing but the truth so help you God?

24               THE DEFENDANT:  Yes, I do.

25               THE COURT:  Dr. Linke, can you tell me how old are

Lcl2Linc kjc

1    you?

2              THE DEFENDANT:  44.

3              THE COURT:  And how far did you go in school?

4              THE DEFENDANT:  Professional degree, veterinary

5    medical doctor.

6              THE COURT:  So that's post college?

7              THE DEFENDANT:  Yes, correct.

8              THE COURT:  It's graduate.

9              THE DEFENDANT:  Yes.

10             THE COURT:  And you have a veterinary degree, you

11   said?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  And you told me you speak and understand

14   English perfectly clearly.

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  Are you a United States citizen?

17             THE DEFENDANT:  Yes, I am.

18             THE COURT:  Are you now or have you recently been

19   under the care of a medical doctor or a mental health

20   professional?

21             THE DEFENDANT:  No, I am not.

22             THE COURT:  Neither?

23             THE DEFENDANT:  Neither.

24             THE COURT:  Have you ever been treated or hospitalized

25   for any mental illness or any type of addiction, including drug

Lcl2Linc kjc

1    or alcohol addiction?

2              THE DEFENDANT:  No, I have not.

3              THE COURT:  In the past 24 hours, have you taken any

4    drugs, any medicine, any pills, or had any alcohol to drink?

5              THE DEFENDANT:  No, I have not.

6              THE COURT:  Is your mind clear today?

7              THE DEFENDANT:  Yes, it is.

8              THE COURT:  Are you feeling well physically?

9              THE DEFENDANT:  Yes, I am.

10             THE COURT:  Do you understand what we are doing at

11   today's proceeding.

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  And are you represented by counsel?

14             THE DEFENDANT:  Yes, I am.

15             THE COURT:  Who is your counsel?

16             THE DEFENDANT:  David Wikstrom.

17             THE COURT:  Are you satisfied with Mr. Wikstrom's

18   representation of you in this case?

19             THE DEFENDANT:  Yes, very much so.

20             THE COURT:  I think we froze.

21             THE DEFENDANT:  Can you hear me?

22             THE COURT:  Now I can.  I didn't hear your answer,

23   though.  Are you satisfied with Mr. Wikstrom's representation

24   of you in this case.

25             THE DEFENDANT:  Yes, very much so.

Lcl2Linc kjc

1          THE COURT:  All right.  Have you had a full and fair

2    opportunity to discuss with him the deferred prosecution

3    agreement, its terms and conditions, and what its import will

4    be.

5          THE DEFENDANT:  Yes, absolutely.

6          THE COURT:  Does either counsel have any doubt as to

7    Dr. Linke's competence to enter into the deferred prosecution

8    agreement, Mr. Chow?

9          MR. CHOW:  No, your Honor.

10          THE COURT:  Mr. Wikstrom?

11          MR. WIKSTROM:  No, your Honor.

12          THE COURT:  I do find, on the basis of Dr. Linke's

13    responses to my questions and my observation of her demeanor,

14    that she is fully competent to knowingly and willingly enter

15    into the deferred prosecution agreement.

16          Now, Dr. Linke, I just want to talk to you about some

17    of those terms and conditions again to make sure that you fully

18    understand the agreement that you are asking the Court to

19    approve.  You have told me you have had an opportunity to

20    discuss this agreement with Mr. Wikstrom, correct?

21          THE DEFENDANT:  Yes, that is correct.

22          THE COURT:  Have you had sufficient time to ask any

23    questions you might have?

24          THE DEFENDANT:  Yes, I have.

25          THE COURT:  Do you need any time now to discuss it

Lcl2Linc kjc

1    further?

2          THE DEFENDANT:  No, I don't need any more time.  Thank

3    you.

4          THE COURT:  Do you understand what a deferred

5    prosecution agreement is?

6          THE DEFENDANT:  Yes, I do.

7          THE COURT:  Do you understand that if I approve your

8    agreement with the government, you will be subject to

9    supervision for a period of two years?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  And during that period of supervision, you

12    will have to comply with certain conditions and restrictions.

13          Do you understand that?

14          THE DEFENDANT:  Yes, yes, I do.

15          THE COURT:  Do you understand that you will also have

16    to check in with your assigned Pretrial Services officer who

17    will be responsible for overseeing your compliance with these

18    conditions?

19          THE DEFENDANT:  Yes, I do.

20          THE COURT:  All right.  Specifically, under the terms

21    of the agreement, for a period of two years, you must refrain

22    from violating any federal, state, or local law, and you must

23    immediately tell your Pretrial Services officer if you are

24    arrested or questioned by law enforcement.

25          Do you understand that?

Lcl2Linc kjc

1           THE DEFENDANT:  Yes, absolutely.

2           THE COURT:  Do you understand that you must relinquish

3   any professional license issued by any state horseracing

4   authority allowing you to participate in the sport of

5   horseracing, including any license issued by the New Jersey

6   Racing Commission.

7           THE DEFENDANT:  Yes, I do.

8           THE COURT:  Do you understand that you must also

9   refrain from applying for any new such licenses?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  Do you understand that you must also

12  refrain from the practice of veterinary medicine on horses

13  involved or intended to be involved in parimutuel horseracing?

14          THE DEFENDANT:  Yes, I do.

15          THE COURT:  Do you understand that you must associate

16  only with law-abiding persons and you may not associate with

17  any member or employee of Colts Neck Equine?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Do you understand that you must work

20  regularly at lawful employment or regularly attend school?

21          THE DEFENDANT:  Yes, I do.

22          THE COURT:  Do you understand that if you are not

23  employed or in school, you must tell that to your Pretrial

24  Services officer?

25          THE DEFENDANT:  Yes, absolutely.

Lcl2Linc kjc

1      THE COURT:  And do you understand that if you lose or

2  wish to leave your job or place in school, you must discuss

3  that with your Pretrial Services officer?

4      THE DEFENDANT:  Yes, I do.

5      THE COURT:  Do you understand that your travel is

6  restricted to the Southern or Eastern Districts of New York and

7  the District of New Jersey absent explicit permission from

8  Pretrial Services?

9      THE DEFENDANT:  Yes, I do.

10      THE COURT:  Do you understand that you must notify

11  Pretrial Services and specifically your assigned officer of any

12  changes to your place of residence?

13      THE DEFENDANT:  Yes, I do.

14      THE COURT:  Do you understand that you must follow the

15  instructions of your Pretrial Services officer, including

16  participation in drug testing and treatment, if directed by

17  Pretrial Services?

18      THE DEFENDANT:  Yes, I do.

19      THE COURT:  And finally, do you understand that you

20  must report to your supervising U.S. Pretrial Services officer

21  as directed?

22      THE DEFENDANT:  Yes, I do.

23      THE COURT:  And as a final condition or further

24  condition, do you understand that you are consenting to

25  disclosure by any government agency or drug treatment program

Lcl2Linc kjc

1   of any medical or treatment records that your Pretrial Services

2   officer requests?

3               THE DEFENDANT:  Oh, yes, I do.

4               THE COURT:  And do you understand that you must sign

5   any consent form necessary to release such information?

6               THE DEFENDANT:  Yes, I do.

7               THE COURT:  All right.  And finally, this agreement

8   provides as a special condition that the United States

9   Attorney, and that's the office of Damian Williams, of the

10  Southern District of New York, may at any time revoke or modify

11  any condition of this professional release or change the period

12  of such supervision?

13              Do you understand that?

14              THE DEFENDANT:  Yes, I do.

15              THE COURT:  All right.  The agreement also provides

16  that the United States Attorney may discharge you from

17  supervision at any time.

18              Do you understand that?

19              THE DEFENDANT:  Yes, I do.

20              THE COURT:  And finally, it goes on to say the United

21  States Attorney may at any time proceed with prosecution for

22  this offense, meaning the offense that we have discussed

23  charged in Count Five of the superseding indictment, should the

24  United States Attorney in his or her sole discretion deem such

25  action advisable.

Lcl2Linc kjc

1            Do you understand that?

2            THE DEFENDANT:  Yes, I do.

3            THE COURT:  All right.

4            Mr. Chow, what is the authority for the government

5    modifying or revoking any conditions of this agreement?  If you

6    are asking the Court to approve it and you want to just suspend

7    any of these conditions or discharge Dr. Linke from

8    supervision, why wouldn't you just dismiss the charges?

9            MR. CHOW:  I think this provides an avenue for the

10   Court to reinstitute the charges should it become necessary

11   without having to go back to a grand jury to reinstitute the

12   charges, and that's why the Court has jurisdiction over it.

13            THE COURT:  So you would come back to me at that time.

14            MR. CHOW:  Correct.  In essence, we are putting the

15   case in suspension, but it is still under the purview of the

16   Court while it is in suspension.

17            THE COURT:  All right.  Is that consistent with your

18   understanding, Mr. Wikstrom?

19            MR. WIKSTROM:  Yes, your Honor.

20            THE COURT:  All right.  Dr. Linke, is that your

21   understanding?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  All right.  Then let me ask you,

24   Dr. Linke, finally, do you understand that if you comply with

25   these terms and conditions that I have just gone through with

Lcl2Linc kjc

you for a period of two years, the case against you will be

dismissed?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you discuss these conditions of

supervision with Mr. Wikstrom?

THE DEFENDANT:  Yes, I did.

THE COURT:  And do you understand that you have a

right to a speedy trial on the charge against you in the

superseding indictment and that while this agreement is in

effect, there will be no trial?

THE DEFENDANT:  Yes.  Yes, I do.

THE COURT:  And did you discuss your speedy trial

rights with Mr. Wikstrom?

THE DEFENDANT:  Yes, I did.

THE COURT:  Are you waiving your right to a speedy

trial?

THE DEFENDANT:  Yes, I am.

THE COURT:  Are you doing that voluntarily?

THE DEFENDANT:  Yes, I am.

THE COURT:  And freely?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Do you understand that until

this case is finally dismissed, the government may withdraw

this agreement and proceed to trial at any time?

THE DEFENDANT:  Yes, I understand.

Lcl2Linc kjc

1            THE COURT:  And do you understand that if you fail to

2    comply with any of the terms and conditions that we have been

3    discussing that are set forth in this agreement, the government

4    may proceed with prosecution against you on the charged

5    offense?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Do you have any questions about your

8    agreement with the government?

9            THE DEFENDANT:  No, I do not.  Not at this time.

10           THE COURT:  Do you want any time to discuss anything

11   at this time with Mr. Wikstrom?

12           THE DEFENDANT:  No.  Thank you.

13           THE COURT:  All right.  After hearing everything that

14   we have talked about, do you still wish to enter into the

15   deferred prosecution agreement with the government?

16           THE DEFENDANT:  Yes, I do.

17           THE COURT:  All right.  Does either counsel know of

18   any reason why Dr. Linke should not be permitted to enter into

19   the deferred prosecution agreement or why the Court should not

20   sign this agreement?

21           Mr. Chow.

22           MR. CHOW:  No, your Honor.

23           THE COURT:  Mr. Wikstrom.

24           MR. WIKSTROM:  No, your Honor.

25           THE COURT:  All right.  I do find that Dr. Linke has

Lcl2Linc kjc

1   been fully informed of her rights in this case and the

2   restrictions that will result from the deferred prosecution

3   agreement.  I find that she has knowingly and voluntarily and

4   willingly entered into the agreement, so I will sign the

5   deferred prosecution agreement.

6          Pursuant to the agreement between the parties, the

7   Court excludes time under the Speedy Trial Act for all time

8   during the pendency of the deferred prosecution agreement, that

9   is, from today, December 18, 2021, until December 18, 2023

10  pursuant to Title 18 United States Code § 3161(h)(2).

11         So signed versions of this document with the

12  annotations that we have discussed on the record will be filed

13  on ECF later on today.

14         Are there any other matters that we should discuss?

15  Mr. Chow?

16         MR. CHOW:  No, your Honor.

17         THE COURT:  Mr. Wikstrom.

18         MR. WIKSTROM:  No, your Honor.

19         THE COURT:  All right.  Thank you all very much.

20         Dr. Linke, I wish you all the best.

21         THE DEFENDANT:  Thank you.

22         THE COURT:  I wish everybody a happy holiday, and we

23  are adjourned.  Thank you very much to our court reporter,

24  Ms. Carannante.

25         MR. WIKSTROM:  Thank you, Judge.

Lcl2Linc kjc

1         MR. CHOW:  Thank you, your Honor.

2                         oOo