# EXHIBIT C-1

## DECLARATION IN SUPPORT OF MOTION

I am Andrew S. Feldman, a licensed attorney admitted to practice law in Florida, New York, DC, and district courts throughout the U.S.

I represent Seth Fishman, DVM in the indicted case of *U.S. v. Navarro,* 20-cr-160 (S.D.N.Y.). I have represented Mr. Fishman since October 28, 2019 last when he was first arrested in this District pursuant to a Criminal Complaint out of the Southern District of New York. Mr. Fishman was arrested at Miami International airport after he returned from a trip to the United Arab Emirates (UAE).

Shortly after Mr. Fishman was arrested, on November 8, 2019, he met with the agents at the Miramar FBI location for a proffer which lasted 5 hours. During that proffer the agents and Mrs. Mortazavi were advised that many of the seized products were products for overseas customers or were products for camels. Indeed, Mr. Fishman spoke to the agents at length about the nature and scope of his clients in the United Arab Emirates (UAE). During that proffer, Mr. Fishman also explained the origin of certain products and their intended use.

No later than November 15, 2019, I requested that AUSA Sarah Mortazavi provide me with an inventory of the items that were seized from the various locations (house, office, storage unit) searched by law enforcement. In that same email, I further advised that several of the items that were seized by FDA require refrigeration and other conditions to ensure proper maintenance.

On November 21, 2019, after receipt of those inventories, I also advised AUSA Mortazavi via email to return Mr. Fishman's electronic devices, including IPhones, IPads, computers, and laptops.

In or around November 29, 2019 at 3:49 pm EST, I called AUSA Mortazavi on her cell phone.

In or around 7:15 EST pm on December 2, 2019, the undersigned called the USAO. That called included AUSA Bennett Yearney.

During the above phones conferences, I advised the Government that "we had conferred" with an FDA expert on certain regulatory issues and I further conveyed to the Government that, in our view, they had no authority to possess products intended for export to the UAE, including products created by Mr. Fishman for export to UAE. I further communicated to the USAO that they had no extraterritorial jurisdiction to police Mr. Fishman's activities in the UAE and/or the products that

his clients, including foreign officials and royalty, use in the UAE. I also invited the Government to discuss these legal issues with their experts and/or lawyers at the FDA. I advised that, based on these issues it was foreseeable that a motion to return property might be filed in the future if we were not able to come to an agreed resolution. My best recollection is that on the November 29th call, the Government invited me to send them the legal authority or citations I was referring to on the call exempting exports from the misbranding and adulteration provisions of the Food Drug and Cosmetic Act (FDCA).[1] My best recollection is that during the second call with AUSA Mortazavi and AUSA Bennet Yearney that AUSA Mortazavi responded that, even if the products were not misbranded pursuant to 21 U.S.C. Section 381(e), that does not necessarily satisfy the burden or threshold that must be shown during a Rule 41 Motion.

On February 3, 2020, I emailed a *deferred prosecution application* to the USAO and to the supervising AUSAs in this case.[2] A central theme of the application was that Mr. Fishman has transitioned his veterinarian business to international clients during the last 10 years and was willing to limit his veterinarian business to overseas customers only, mostly his international customers in the UAE. In that application, we also underscored again the exports exemption found at 21 U.S.C. Section 381(e) for international clients.

On February 11, 2020, Mr. Fishman sat for a proffer in New York for several hours.

Prior to that proffer, the Government provided via email an MS Excel worksheet to use which is labeled "Inventory House" and lists many of the products that were found at Mr. Fishman's house:



---

[1] On November 29, 2019, I emailed the U.S. Attorney's office a citation to the applicable statute, 21 U.S.C. §381(e). Initially the undersigned sent the wrong citation, 21 U.S.C. Section 831(e)

[2] In the Southern District, a defense lawyer may apply for a deferred prosecution at any time and the application is reviewed by a committee for approval.

During the proffer, Mr. Fishman again explained to the U.S. Attorney's Office (USAO) and the agents that many of the products on their list (attachment from the 2/11/20 email above) are intended for export, are camel products, and/or are not intended for U.S. customers. In fact, during the proffer, the agents and the prosecutors were willing to skip over the products Mr. Fishman identified as "for export."

Following the Indictment in this case, the Government furnished the undersigned with limited discovery including "draft" transcripts of intercepted communications between Mr. Fishman and others. I have reviewed many of those transcripts which date back as far as February of 2019 and occurred during the period of February 2019-in or around October of 2019. Based on my review, it is patently obvious that, during some of the intercepted calls, Mr. Fishman was speaking to UAE clients or international clients.

In sum, at the time of the search, it was foreseeable that the Government would seize certain products intended for Mr. Fishman's international clients and the Government has now been on actual and constructive notice for approximately 6 months that they seized property purchased by or prepared for Mr. Fishman's clients in the UAE.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

ANDREW S. FELDMAN, ESQ

4/16/2020
DATE