UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|                 Judgment Creditor, | |
|     v. | 20 CR 160-13 (MKV) |
| KRISTIAN RHEIN, | |
|                 Judgment Debtor, | |
| and | |
| MORGAN STANLEY SMITH BARNEY, LLC, | |
|                 Third-Party Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF
THE GOVERNMENT'S MOTION FOR TURNOVER ORDER**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2711
Facsimile:  (212) 637-2717
Email:  melissa.childs@usdoj.gov

Of Counsel:

MELISSA A. CHILDS
Assistant United States Attorney

## PRELIMINARY STATEMENT

The United States ("the Government") moves, with notice to the judgment debtor, Kristian Rhein, for entry of a turnover order, pursuant to 18 U.S.C. § 3613, Federal Rules of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing the respondent, Morgan Stanley Smith Barney, LLC ("MSSB"), to liquidate securities in Rhein's retirement accounts as needed to satisfy the sum of $743,510 owed on the criminal fine and restitution in this case.

## BACKGROUND

From at least in or about December 2016 through at least in or about March 2020, Rhein, marketed and distributed in interstate commerce misbranded and adulterated drugs to trainers and veterinarians of thoroughbred racehorses. *See* Superseding Information (Dkt. 461). Rhein pled guilty to drug adulteration and misbranding in violation of 21 U.S.C. §§ 331(b) and 333(a)(2). *See* Guilty Plea entered August 13, 2021. On January 5, 2022, the Court sentenced Rhein to 36 months in prison, to be followed by one year of supervised release, and ordered him to pay a $100 special assessment, $10,000 fine, and $729,716 in restitution.[1] *See* Judgment (Dkt. 637). Pursuant to 18 U.S.C. § 3612(f), statutory interest began to accrue on the unpaid balance at the rate of 0.48% because interest was not waived or modified at sentencing. As of February 13, 2023, Rhein has paid the $100 special assessment but nothing toward the outstanding fine or restitution, for which the outstanding balance is $743,510, including accrued interest. *See* Declaration, ¶ 10 (Dkt. 1050).

To secure its interest in Rhein's substantial nonexempt personal property, on February 18, 2022, the Government served a N.Y. CPLR § 5222 Restraining Notice on third-party respondent,

---

[1] The Court also imposed a $1,021,800 forfeiture money judgment (Dkt. 466), for which the Government intends to seek a substitute asset order for funds held by MSSB toward satisfaction of the forfeiture in accordance with 21 U.S.C. § 853(p).

MSSB. Decl. ¶ 6. MSSB answered that it holds the following accounts for Rhein, subject to market fluctuation:

| Account No. | Type | Amount |
|---|---|---|
| XXX-XX3269 | Kristian S. Rhein DB Plan 401(k) | $1,301,687 |
| XXX-XX5189 | Kristian S. Rhein DB Plan 401(k) | $167,532 |
| XXX-XX3348 | RPM 401(k) | $353,810 |
| XXX-XX2641 | Joint Brokerage | $103,806 |
| XXX-XX1554 | Kristian Rhein IRA | $45,108 |
| **Total withheld** | | **$1,971,943** |

*Id.* Therefore, it appears that MSSB has withheld more than enough to satisfy Rhein's unpaid fine, restitution, and forfeiture money judgment.

## ARGUMENT

### I. The fine and restitution order constitute a statutory lien that automatically attaches to all of Rhein's property and rights to property.

Pursuant to 18 U.S.C. § 3613(c), upon entry of a criminal judgment, a lien automatically arises in favor of the Government on all property and rights to property of the defendant in the same manner as a federal tax lien. Moreover, 18 U.S.C. § 3613 explicitly provides that "[n]otwithstanding any other federal law," 18 U.S.C. § 3613(a), a judgment imposing a fine or restitution order is a lien in favor of the Government on "all property and rights to property" of the defendant, with very few exemptions. 18 U.S.C. §§ 3613(a)(1)-(3), (c), (f); *United States v. Lumiere*, No. 16 CR 483 (JSR), 2021 WL 4710778, at *3 (S.D.N.Y. Oct. 7, 2021).

The rule is immediate payment in full unless the interests of justice warrant payment in installments. 18 U.S.C. § 3572(d)(2). Liquidation of Rhein's nonexempt retirement funds to make restitution to the victims of his crime and to satisfy his unpaid fine is necessary and proper.

### II. The Government enforces criminal fines and restitution via civil remedies.

The Government may enforce a criminal fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law for up to 20

years after a defendant's release from imprisonment. *See* 18 U.S.C. §§ 3613(a), (b), (f); 18 U.S.C. §§ 3664(m)(1)(A)(i)-(ii); 28 U.S.C. § 3003(b)(2). The civil enforcement remedies may be used to collect monetary impositions within the criminal case in which the defendant was originally convicted. *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("nothing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence.").

The Government may elect to pursue remedies under either the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, or New York law to collect criminal fines. *United States v. Ceparano*, 2009 WL 8690129, at * (E.D.N.Y., May 13, 2009) (holding 18 U.S.C. § 3613 allows the Government to use the civil enforcement procedures found in Article 52 of the New York Civil Practice Law and Rules ("CPLR") to secure property in aid of the enforcement of federal criminal judgments). In doing so, the Government may also exercise long-arm jurisdiction and nationwide enforcement power to collect judgments. 28 U.S.C. §§ 2413 and 3004(b); *United States v. Febre*, 978 F.2d 1262, n.2 (7th Cir. 1992); and *United States v. Lazorwitz*, 411 F. Supp. 2d 634 (E.D.N.C. 2005) (holding garnishment was properly filed in North Carolina, even though defendant resided in Texas, and garnishee was located and served in New York).

Article 52 of the CPLR provides remedies for enforcing money judgments under New York law. Pursuant to N.Y. CPLR § 5222, a Restraining Notice prohibits the sale, assignment, or transfer of monies belonging to a judgment debtor. Further, N.Y. CPLR § 5225(b) provides for the turnover funds through a "special proceeding" against a third party who is "in possession or custody of money or other personal property in which the judgment debtor has an interest." Yet because there is no analogous provision for a special proceeding or turnover order in the FDCPA or the Federal Rules of Civil Procedure, the Government may seek a turnover order against a third-party

respondent by motion under Rule 69(a). *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469-70 (2d Cir. 2018) (affirming judgment creditor obtaining turnover order by motion, rather than commencing a special proceeding, as long as the court has personal jurisdiction over the garnishee). Federal Rule of Civil Procedure 69(a)(1) provides

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies

Fed. R. Civ. P. 69(a)(1). To obtain a turnover order, a judgment creditor must show that: (1) the judgment debtor has an interest in the property attached or sought; *and* (2) *either* the judgment debtor is entitled to possession of such property *or* the judgment creditor's rights to the property are superior to those of the third party holding the property. *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (emphasis added). Here, the Court should require payment from the property held by MSSB because it has jurisdiction over the respondent,[2] the property sought is not exempt from turnover for fines and restitution, and by virtue of its statutory lien, the Government may step into Rhein's shoes to elect lump sum distributions toward paying his criminal debts.

### III.   Immediate turnover of Rhein's nonexempt assets is proper.

Courts have consistently held that the Government is entitled to garnish retirement funds to collect criminal monetary impositions. *See United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022); *United States v. O'Brien*, 851 F. App'x. 236, 240, 2021 WL 1051540, at *3 (2d Cir. 2021); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006); *United States v. Jaffe*, 417 F.3d 259, 265

---

[2] MSSB is a Delaware corporation with its global headquarters in New York, New York, where it routinely does business on the New York Stock Exchange in this district as a financial services firm and manager of various funds, including the investments held in Rhein's 401(k) Plan accounts.

(2d Cir. 2005) (all holding that § 3613 expressly authorizes the garnishment of retirement funds to satisfy criminal judgments notwithstanding anti-alienation provisions in other federal laws). Qualified tax savings cash deferment plans are governed by 26 U.S.C. § 401(k), and the contributions to such accounts become distributable to participants upon severance of employment. *See* 26 U.S.C. § 401(k)(2)(b)(i)(I). Rhein has a substantial nonexempt interest in the 401(k) Plan accounts held by MSSB, and he has been entitled to access the corpus of those funds since termination of his employment due to his offense of conviction in this case.

There is no exemption for Rhein's retirement funds under 18 U.S.C. § 3613(a) or 26 U.S.C. § 6334. Just as the Internal Revenue Service does in tax cases, to collect restitution, the Government steps into the shoes of the defendant and may make an election on his behalf when he is eligible for a distribution but has not elected to receive one. *United States v. National Bank of Commerce,* 472 U.S. 713, 725 (1985); *Shkreli*, 47 F. 4th at 71 (citing *United States v. Frank*, 8 F.4th 320, 331 (4th Cir. 2021)); *United States v. Sayyed*, 862 F.3d 615, 618–19 (7th Cir. 2017); *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (citing numerous district court cases nationwide). The Government's lien reaches every interest in property that a taxpayer may have. *Kane v. Guardian Capital,* 145 F.3d 1218, 1221 (10th Cir. 1998) (citing cases). The Government acquires whatever rights the debtor possesses, including the unelected right to withdraw funds from accounts. *Id.* at 1222-23. The Government may exercise the right to receive funds for the defendant, including the right to convert accounts to cash. *Id.* The effect of honoring the levy is the same as honoring the demand of the taxpayer. *Moore v. General Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). Accordingly, the Government seeks to exercise Rhein's right to liquidate securities in his 401(k) Plan accounts now as needed to satisfy his outstanding criminal fine and restitution.

Rhein has ample nonexempt assets available to immediately satisfy his criminal debts. Decl., ¶¶ 6, 9. He is a 50-year-old veterinarian whose net worth is more than six and on-half times the judgment debt. *Id.* Rhein has no past due bills on his current credit report, and substantial net equity in his home in Garden City, New York. *Id.* Excluding the accounts held by MSSB, he still has more than $750,000 in liquid investment accounts at other financial institutions. *Id.* Therefore, immediate turnover of the funds held by MSSB to fully satisfy Rhein's criminal monetary penalties is proper and will not leave him or his dependents destitute.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter a turnover order directing MSSB to liquidate securities in Rhein's retirement accounts as needed to submit the sum of $743,510 to the Clerk of Court in full satisfaction of the criminal fine and restitution order.

    Respectfully,

    DAMIAN WILLIAMS
    United States Attorney

By: */s/ Melissa A. Childs*
    MELISSA A. CHILDS
    Assistant United States Attorney
    86 Chamber Street, 3rd Floor
    New York, NY 10007
    Tel.:    (212) 637-2711
    E-mail: melissa.childs@usdoj.gov